**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANJUMAN YARA,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 10-72323<br><br>Agency No. A079-572-643<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2014**
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and O'CONNELL, District
Judge.***

    Anjuman Yara petitions for review of the decision of the Board of

Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Beverly Reid O'Connell, District Judge for the U.S.
District Court for the Central District of California, sitting by designation.

applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Substantial evidence supports the BIA and IJ's conclusion that Yara experienced only harassment from the Native Fijians, not past persecution. Persecution is "an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive," *Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (internal quotation marks omitted), and a reasonable factfinder would not be compelled to conclude that the threats and abuse Yara described rise to that level. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 (9th Cir. 2003) (holding that years of "unfulfilled threats," and one severe beating, "constitute harassment rather than persecution"). The record shows that Yara suffered only pushing, shoving and torn clothes, in contrast to being held hostage at gunpoint and knife-point by soldiers, looting and violent threats, which could constitute persecution. *See Surita v. I.N.S.*, 95 F.3d 814, 817–18, 821 (9th Cir. 1996). Although Yara's house was destroyed by fire, the record does not compel the conclusion that the fire was caused by Native Fijians.

Substantial evidence also supports the BIA and IJ's determination that Yara failed to establish past persecution based on her status as victim of domestic

2

violence. Because Yara testified that the police took some action in response to her reports against her husband, and on at least one occasion scheduled a court date based on a report she filed, the record does not compel the conclusion that "the [Fijian] government was unable or unwilling to control" her husband. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); *cf. Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

The BIA and IJ's determination that Yara did not carry her burden of showing a well-founded fear of future persecution by Native Fijians was supported by substantial evidence. Significant time has elapsed since she claimed to have been threatened, and the threats she received were not "sufficiently specific and real" to compel the conclusion that her fears are objectively reasonable. *Mondoza Perez v. U.S. I.N.S.*, 902 F.2d 760, 762 (9th Cir. 1990).

Because Yara failed to describe mistreatment by Native Fijians that rose to the level of persecution, either against her or Indo-Fijians generally, her claims that she is entitled to asylum based on a pattern or practice of persecution and extremely severe persecution warranting humanitarian relief necessarily fail as well. *See Wakkary v. Holder*, 558 F.3d 1049, 1061 (9th Cir. 2009) (rejecting a pattern or practice argument when "the record contain[ed] evidence of widespread . . . *discrimination* that affects a very large number of individuals," not

3

persecution); *Kumar v. I.N.S.*, 204 F.3d 931, 932–33, 935 (9th Cir. 2000) (rejecting a humanitarian asylum claim by an Indo-Fijian woman who was beaten by soldiers on multiple occasions, and once stripped and fondled by soldiers who threatened to kill her).

Yara's failure to establish eligibility for asylum disposes of her arguments that she is entitled to withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Moreover, in the absence of any evidence that she may be subject to torture "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity," 8 C.F.R. § 208.18(a)(1), the BIA and IJ did not err in denying relief under CAT. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION DENIED.**